UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GOLDIE M.,

        Plaintiff,

v.                                                                                           5:21-CV-0794
                                                                                             (ML)
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

APPEARANCES:                                              OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON              STEVEN R. DOLSON, ESQ.
  Counsel for the Plaintiff
126 North Salina Street, Suite 3B
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION               MICHAEL L. HENRY, ESQ.
  Counsel for the Defendant                         Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

    Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

heard in connection with those motions on July 28, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)  Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED.

2)  Defendant's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED.

3)  The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)  Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)  The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: August 2, 2022
       Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
M

vs.                                  5:21-CV-0794

COMMISSIONER OF SOCIAL SECURITY




_____
```

DECISION AND ORDER

July 28, 2022

The HONORABLE MIROSLAV LOVRIC,

DISTRICT MAGISTRATE JUDGE

A P P E A R A N C E S

For Plaintiff:     STEVEN DOLSON, ESQ.

For Defendant:     MICHAEL HENRY, ESQ.

*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York  13901*

1          THE COURT:  Let me begin by indicating first that
2   the plaintiff has commenced this proceeding pursuant to
3   42 U.S. Code Section 405(g) to challenge the adverse
4   determination by the Commissioner of Social Security finding
5   that she was not disabled at the relevant times and
6   therefore ineligible for the benefits that she sought.
7          By way of background, the Court states as follows:
8          Plaintiff was born in 1980.  She is currently 42
9   years old.  She was approximately 30 years old at the
10  alleged onset of her disability on January 13th of 2011.
11         Plaintiff stands approximately 5 feet 7 inches and
12  weighs approximately 370 pounds.
13         Plaintiff has completed high school, a vocational
14  training program for nursing, is a licensed practical nurse,
15  that being an LPN, and completed a bachelor's degree in
16  health services management in August 2019.
17         Plaintiff has past work experience as an LPN.
18         Procedurally in this case the Court states as
19  follows:
20         Plaintiff applied for Title II and Title XVI
21  benefits on March 19 of 2013 alleging an onset date of
22  January 13th of 2011.
23         Administrative Law Judge Joseph L. Brinkley
24  conducted a hearing on August 19, 2014, to address
25  plaintiff's application for benefits.

1          ALJ Brinkley issued an unfavorable decision on
2   October 21 of 2014.
3          The Social Security Administration Appeals Council
4   denied plaintiff's application for review on March 2nd of
5   2016.
6          Plaintiff appealed to the U.S. District Court for
7   the Northern District of New York, and United States
8   Magistrate Judge Christian F. Hummel remanded the matter on
9   March 7th of 2017.  Judge Hummel directed the ALJ to
10  recontact Dr. Neupane, reconsider plaintiff's activities of
11  daily living, and explicitly state the reliance, if any,
12  placed on the single decision-maker's opinion.
13         While the action was pending before Judge Hummel,
14  on April 18th, 2016, plaintiff filed a subsequent Title XVI
15  application.  On June 20th, 2017, the Appeals Council issued
16  a remand order and directed the ALJ to consolidate
17  plaintiff's claims.
18         A second hearing was held on March 7th of 2018
19  before ALJ Elizabeth W. Koennecke.  ALJ Koennecke issued an
20  unfavorable decision on April 27th, 2018.  The Appeals
21  Council remanded back to ALJ Koennecke for further
22  evaluation on February 25th, 2019.
23         A third hearing was held September 30th, 2019,
24  before ALJ Koennecke.  ALJ Koennecke issued an unfavorable
25  decision on October 18th, 2019.  That became a final

```
 1   determination of the agency on June 10th, 2021, when the
 2   Social Security Administration Appeals Council denied
 3   plaintiff's application for review.
 4           This action was commenced on July 13th of 2021 and
 5   it is timely.
 6           In her October 18, 2019 decision, ALJ Koennecke
 7   applied the familiar five-step test for determining
 8   disability.
 9           At step one, she concluded that plaintiff had not
10   engaged in substantial gainful activity since January 13 of
11   2011, the alleged onset date.
12           At step two, she concluded that plaintiff suffers
13   from severe impairments that impose more than minimal
14   limitations on her ability to perform basic work activities.
15   Specifically the ALJ noted and found morbid obesity;
16   systemic lupus erythematosus; fibromyalgia; diabetes
17   mellitus; hypertension; diabetic neuropathy;
18   supraventricular tachycardia; headaches; knee impairment;
19   and neck impairment status post fusion surgery.
20           At step three, ALJ Koennecke concluded that
21   plaintiff's conditions do not meet or medically equal any of
22   the listed presumptively disabling conditions set forth in
23   the commissioner's regulations, focusing on listing 1.02
24   relating to major dysfunction of a joint, such as the knee;
25   1.04 focusing on disorders of the spine; and section 9.0
```

1  relating and focusing as to diabetes; section 11.14 as to
2  diabetic neuropathy; section 4.05, that is recurrent
3  arrhythmias; section 4.00 relating to hypertension and
4  tachycardia; and section 14.02 relating to lupus.  Moreover,
5  the ALJ noted that although there are no listings for
6  obesity, headaches, and fibromyalgia, no independent medical
7  expert has advised that plaintiff's impairments medically
8  equal the requirement of the listings and plaintiff's
9  obesity was considered in determining whether plaintiff's
10 other impairments meet or medically equal a listing in
11 accordance with SSR19-2p.
12         The ALJ next determined that plaintiff retains the
13 residual functional capacity to perform the full range of
14 sedentary work.
15         At step four, the ALJ concluded that plaintiff
16 could not perform her past relevant work as a licensed
17 practical nurse or office nurse.
18         At step five, the ALJ concluded that based on an
19 RFC for the full range of sedentary work, considering
20 plaintiff's age, education, and work experience, a finding
21 of not disabled is directed by Medical-Vocational
22 Rule 201.28.  In addition, the ALJ concluded that based on
23 the testimony of the vocational expert, the following three
24 jobs exist in significant numbers in the national economy
25 plaintiff can perform.  First -- those three categories are,

1  first, document preparer; second, order clerk food/beverage;
2  and, third, charge account clerk.
3           As a result, the ALJ concluded that plaintiff has
4  not been under a disability since January 13th of 2011
5  through the date of the decision.
6           Now, as the parties know, the Court's functional
7  role in this case is limited and extremely deferential.  I
8  must determine whether correct legal principles were applied
9  and whether the determination is supported by substantial
10 evidence, defined as such relevant evidence as a reasonable
11 mind would find sufficient to support a conclusion.  As the
12 Second Circuit noted in Brault V. Social Security
13 Administration Commissioner, that's found at 683 F.3d 443, a
14 2012 case, the Second Circuit noted therein the standard is
15 demanding, more so than the clearly erroneous standard.  The
16 Court noted in Brault that once there is a finding of fact,
17 that fact can be rejected only if a reasonable fact-finder
18 would have to conclude otherwise.
19          Now, in this case the plaintiff raises two
20 contentions.  First, plaintiff argues that the ALJ erred by
21 failing to properly apply the treating physician rule and
22 substituting her own opinion over that of treating
23 physicians Dr. Satterly and Dr. Neupane.
24          Second, the plaintiff argues that the ALJ erred by
25 failing to conduct a function-by-function analysis before

1   stating an RFC finding as the full range of sedentary work
2   with no exertional limitations.
3           The Court's analysis is as follows:
4           First, I find that, for the reasons stated in
5   defendant's brief, the ALJ properly weighed the opinions of
6   Dr. Satterly and Dr. Neupane.
7           With respect to the opinion of Dr. Satterly, as
8   defendant thoroughly outlined, the ALJ supportably afforded
9   little evidentiary weight because, one, it was not supported
10  by clinical examination findings, which reflected that
11  plaintiff's gait was normal and she ambulated well.
12          Second, Dr. Satterly acknowledged that Dr. Neupane
13  was better qualified to answer questions regarding
14  limitations caused by plaintiff's fibromyalgia and lupus.
15          Third, Dr. Satterly completed the report with
16  plaintiff based off plaintiff's subjective reporting despite
17  the fact that Dr. Satterly's physical examination findings
18  were normal.
19          Moreover, as defendant thoroughly sets forth, the
20  ALJ Koennecke's analysis regarding the consistency of
21  Dr. Satterly's opinion compared to the rest of the record,
22  including Dr. Satterly's own physical examination findings,
23  was similar to the analysis of ALJ Brinkley.  Judge Hummel
24  found that ALJ Brinkley had properly applied this portion of
25  the treating physician rule insofar as he compared Dr.

1   Satterly's opinion with other medical evidence in the
2   record.  See Medick V. Colvin, 16-CV-0341, that can be found
3   at 2017 West Law 886944 at pages 8 through 9, and that's
4   Northern District New York March 16, 2017 Magistrate Judge
5   Hummel opinion.
6         Further, as Judge Hummel eloquently set forth, the
7   ALJ's failure to explicitly consider the Burgess factors is
8   not, without more, reversible error.  See Medick, 2017 West
9   Law 886944 at page 5.
10        The ALJ referred to Dr. Satterly as, quote, the
11  claimant's provider, end of quote.  In addition, the ALJ's
12  reference to Dr. Satterly's statement that Dr. Neupane,
13  plaintiff's treating rheumatologist, was better qualified to
14  answer questions regarding the limitations due to the
15  claimant's fibromyalgia and lupus indicates that the ALJ
16  considered that Dr. Satterly was plaintiff's primary care
17  physician who lacked any specialized knowledge of her lupus
18  and fibromyalgia.
19        The ALJ cited Dr. Satterly's treatment records
20  from 2008 through 2016 demonstrating that the ALJ was aware
21  of the length of the treating relationship.
22        Thus, it is clear to the Court that the ALJ
23  considered the Burgess factors.
24        To the extent that plaintiff appears to ask this
25  court to reweigh the evidence, the Court, this Court,

1   declines to do so.  The ALJ explicitly stated that during
2   some examinations plaintiff had 18 out of 18 tender points;
3   during some examinations plaintiff had tenderness in her
4   shoulders, elbows, knees, upper, middle, and lower back; and
5   during some examinations she had no tenderness.  See docket
6   number 10 attachment 8 at page 445.  Thus, the ALJ
7   supportably considered both the conflicting evidence, and
8   plaintiff has not identified any error with the ALJ's
9   evaluation of that evidence.
10              With respect to the opinion of Dr. Neupane that
11  plaintiff's symptoms frequently interfere with her attention
12  and concentration, as defendant thoroughly outlined, the ALJ
13  supportably assigned no weight because it is not supported
14  by Dr. Neupane's treatment notes.  See docket number 10
15  attachment 8 at 27 and at transcript page 451.  Further, as
16  previously noted, plaintiff completed a bachelor's degree in
17  2019.  While completing her bachelor's degree, plaintiff
18  tutored other students, which suggests that she has no
19  significant limitations in concentration.  See docket number
20  10 attachment 8 at 18, and that's transcript page 442.
21              The Court also notes that although the agency was
22  directed to recontact Dr. Neupane for a more comprehensive
23  functional capacity evaluation, Dr. Neupane refused to
24  provide one.  Thus, the opinion of Dr. Neupane before the
25  ALJ and the Court is incomplete.

10

1          To the extent that plaintiff argues that the ALJ
2  erred by basing the RFC on her own lay opinion rather than
3  record medical evidence, I find that argument unpersuasive
4  here.  An RFC finding is administrative in nature, not
5  medical, and the ALJ properly considered medical and other
6  evidence in the record to reach an RFC determination.
7          Second, I find that the ALJ was not required to
8  conduct a more detailed function-by-function analysis before
9  making the RFC determination.  As plaintiff acknowledges in
10 her brief, it is axiomatic in the Second Circuit that the
11 failure to provide a function-by-function analysis is not a
12 per se ground for remand.  Moreover, ALJs are not required
13 to tether their RFC findings to specific medical opinions.
14 The burden at step four lies with plaintiff, and the ALJ
15 explained her reasons for omitting greater limitations.
16         For all these reasons and as a result of this
17 analysis, the Court therefore finds and concludes
18 plaintiff's motion for judgment on the pleadings is denied.
19 Defendant's motion for judgment on the pleadings is granted.
20 Plaintiff's complaint is dismissed, and the commissioner's
21 decision denying plaintiff's benefits is affirmed.
22         That constitutes the Court's decision.
23         - - - - -
24
25

```
 1            CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4       I, RUTH I. LYNCH, RPR, RMR, NYS Realtime Certified

 5   Reporter, Federal Official Court Reporter, in and for the

 6   United States District Court for the Northern District of

 7   New York, DO HEREBY CERTIFY that pursuant to Section 753,

 8   Title 28, United States Code, that the foregoing is a true

 9   and correct transcript of the stenographically reported

10   proceedings held in the above-entitled matter and that the

11   transcript page format is in conformance with the

12   regulations of the Judicial Conference of the United States.

13

14

15

16
                     /s/ Ruth I. Lynch
17
                     RUTH I. LYNCH, RPR, RMR, NYSRCR
18                   Official U.S. Court Reporter

19

20

21

22

23

24

25
```